-UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LAURIE STERLING McGILL,<br><br>Plaintiff<br><br>v.<br><br>WILLIAMSON COUNTY SCHOOLS,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:12-0264<br>Judge Trauger/Bryant<br>**Jury Demand** |

**TO: THE HONORABLE ALETA A. TRAUGER**

**REPORT AND RECOMMENDATION**

Pending in this case is Defendant's Motion for Summary Judgment (Docket Entry No. 11). Plaintiff, who is proceeding *pro se*, has not responded in opposition, and the time within which she was required to do so has expired.

This motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 14).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's motion for summary judgment be granted, and the complaint dismissed.

**STATEMENT OF THE CASE**

Plaintiff McGill, formerly employed by Defendant as a teacher, has filed her complaint alleging employment discrimination based upon a disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

Defendant has filed its answer denying liability and asserting certain affirmative defenses (Docket Entry No. 10).

Defendant now has filed its motion for summary judgment to which Plaintiff has not responded in opposition.

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to insure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the

moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**SUMMARY OF PERTINENT FACTS**

Defendant has filed in support of its motion the affidavit of Judith Looney, formerly the Human Resources Director for the Williamson County Board of Education, the affidavit of Jackie Baggett, the Recruitment and Employee Coordinator for the Defendant, and Plaintiff's responses to Defendant's first set of requests for admission (Docket Entry Nos. 13-1, -2 and -3). From this evidence, the undersigned summarizes the following facts.

Plaintiff was first employed by the Defendant on August 6, 2009, as a kindergarten teacher at Chapman's Retreat Elementary School. Student enrollment at Chapman's Retreat was lower than expected, and, because Plaintiff was the last teacher hired, she was selected for a reduction in force on September 8, 2009. Defendant placed Plaintiff in an interim assignment at Heritage Middle School. On November 10, 2009, Plaintiff was offered a position at Hunter's Bend Elementary School that had become available due to an employee resignation, and Plaintiff accepted that position.

As the result of changes in enrollment, Plaintiff's position was transferred to Pearre Creek Elementary School on August 4, 2010, and then to Trinity Elementary School on August 23, 2010. Such shifts in teacher positions are not uncommon, and result when expected student enrollment numbers do not turn out as predicted.

On September 23, 2010, while teaching at Trinity Elementary, Plaintiff began a leave pursuant to the Family and Medical Leave Act ("FMLA"). A certificate to return to school or work dated as of September 23, 2010, was submitted to Defendant on behalf of Plaintiff by William P. Titus stating that Plaintiff had been under his care from September 23, 2010, to October 7, 2010, and that Plaintiff would be able to return to work on October 8, 2010. However, Plaintiff did not return to work on October 8, 2010. Dr. Keith Caruso, a forensic psychiatrist, sent a letter dated October 7, 2010, to Chris Schwartz, Principal of Trinity Elementary, stating that Plaintiff was under his medical care and was unable to work in any capacity. This letter further stated that Plaintiff would be re-evaluated on November 9, 2010, for work capacity.

Dr. Caruso sent a statement to the Defendant dated October 15, 2010, stating that Plaintiff was diagnosed with recurrent major depressive disorder and panic disorder, a condition from which Plaintiff reportedly had suffered 20 years earlier. Dr. Caruso's statement further reported that Plaintiff was unable to work due to impaired concentration and memory and lack of stress tolerance.

Dr. Caruso sent a letter to Principal Schwartz dated November 9, 2010, stating that Plaintiff remained unable to work in any capacity and would be re-evaluated on December 3, 2010.

In December 2010, Judith Looney, Human Resources Director for Defendant, asked Dr. Caruso whether Plaintiff would be able to return to work by January 6, 2011. Dr. Caruso stated that he did not think Plaintiff would be able to return by January 6, but that he could not give a date certain for Plaintiff’s return. Plaintiff’s FMLA leave was exhausted on January 6, 2011.

Dr. Caruso sent a certification to Ms. Looney dated February 3, 2011, stating that Plaintiff was unable to work as a teacher and was not expected to recover occupational functional capacity during the remainder of the 2010-11 school year. As a result of this certification by Dr. Caruso, Defendant granted Plaintiff uncompensated leave for the remainder of the school year.

Defendant renewed Plaintiff’s teaching contract on May 10, 2011. Dr. Caruso sent a letter to Eugene Wade, Coordinator of Employee Relations and Recruitment for Defendant, dated July 7, 2011. This letter released Plaintiff to return to work with restrictions. Specifically, Plaintiff was restricted to working at a school located within a five-mile radius of her home. Defendant accommodated this restriction by transferring Plaintiff to Allendale Elementary School.

Plaintiff reported for work at Allendale Elementary School on August 6, 2011. Plaintiff was absent from work on August 22, 23, and 24, 2011. Plaintiff returned to work on August 25,

2011. Plaintiff was absent again on August 26, 2011, and did not return to work for the remainder of the school year.

Steven Silas, M.D., sent Defendant a certificate dated September 7, 2011, stating that Plaintiff was his patient and that Plaintiff would not be able to return to work until after a follow-up visit on October 6, 2011. Dr. Caruso sent Ms. Looney a letter dated October 6, 2011, which stated in pertinent part as follows:

> Ms. Laurie Sterling is in my clinical care. At this time, the medical condition that precluded her from working last school year has again worsened to the point that she is unable to work as a teacher. In light of this recurrence a second year in a row in a different work setting, it is my opinion that she will be unable to return to teaching in the future.

On October 14, 2011, Ms. Looney sent Plaintiff a letter informing her of Dr. Caruso's letter expressing his opinion that Plaintiff would be unable to return to teaching in the future and requesting any information in Plaintiff's possession that refuted Dr. Caruso's conclusion. This letter further requested a response from Plaintiff within 10 days and informed her that her failure to respond would cause the Defendant to assume that Plaintiff agreed with Dr. Caruso that she could not return to employment as a teacher in the future. Plaintiff did not respond to Ms. Looney's October 14, 2011, letter.

On November 17, 2011, Ms. Looney sent Plaintiff a letter stating that based upon Dr. Caruso's letter and Plaintiff's failure to respond to Ms. Looney's October 14, 2011, letter the Defendant was terminating Plaintiff's employment effective November 17, 2011, and listing the reason as "resignation for medical reasons." On

November 29, 2011, Plaintiff sent an email to Ms. Looney stating that Plaintiff had not resigned, and further stating that "Dr. Caruso stated that he didn't foresee a time in the near future that I would be returning to teaching. That does not mean that I will never return to teaching."

Ms. Looney responded to this email with a letter dated November 30, 2011, explaining that based upon Dr. Caruso's opinion that Plaintiff would not be able to teach in the future and Plaintiff's failure to provide any contradictory evidence, the Defendant could not continue Plaintiff's employment. Termination proceedings pursuant to T.C.A. § 49-5-501, *et seq*. were commenced, and Plaintiff's employment was terminated by Defendant on December 19, 2011.

**ANALYSIS**

Defendant has filed its motion for summary judgment on the ground that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Specifically, Defendant argues that the undisputed facts demonstrate that Plaintiff cannot make out a *prima facie* case under the ADA because (1) she cannot demonstrate that she was a "qualified individual" within the meaning of the statute, and (2) Defendant provided Plaintiff with reasonable accommodation.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

employment." 42 U.S.C. § 12112(a). In the absence of direct evidence of disability discrimination, a Plaintiff may seek to establish a *prima facie* case of discrimination. If the Plaintiff makes a *prima facie* showing, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for its action. If the employer articulates such a reason, the burden then shifts back to the Plaintiff, who must then show that the reason given by the employer is pretextual. *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 810 (6th Cir. 1999).

To establish her *prima facie* case of discrimination under the ADA, Plaintiff must show that she is (1) a disabled person within the meaning of the Act, (2) that she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation, (3) that she has either been denied reasonable accommodation for her disability or subjected to an adverse employment decision solely because she is disabled. *McKay v. Toyota Motor Mfg. U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir. 1997); *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996).

Defendant argues that Plaintiff cannot state a *prima facie* claim of disability discrimination because she cannot show that she was a "qualified individual" within the meaning of the ADA. The ADA defines the term "qualified individual with a disability" to mean an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). An individual who cannot perform the essential functions of a job is not qualified and, in such

cases, the ADA does not come into play. It is irrelevant that the inability to perform the essential functions is due entirely to a physical impairment. *See*, *e.g., McKay*, 110 F.3d 369 (holding that an employee’s carpal tunnel syndrome prevented her from performing her assembly line job, but that she was not disabled under the ADA).

The ADA does not require employers to create a new position for a disabled person who can no longer perform the essential functions of her job. Under the ADA, where an employee is unable to perform the essential functions of her job, termination is lawful. *See, e.g., Smith v. Ameritech,* 129 F.3d 857, 867 (6th Cir. 1997). Moreover, where a plaintiff’s own doctor, not the defendant, “has concluded she could not perform her job . . . [that plaintiff] cannot establish that she is a ‘qualified individual with a disability’ under the ADA.” *Weigel v. Target Stores*, 122 F.3d 461, 467 (7th Cir. 1997). Here, Plaintiff’s own doctor, Dr. Caruso, has stated in his letter to Ms. Looney dated October 6, 2011, that “[i]n light of this recurrence a second year in a row in a different work setting, it is my opinion that she will be unable to return to teaching in the future.” This opinion by Plaintiff’s physician stands undisputed by admissible evidence in this case. Therefore, the undersigned Magistrate Judge finds that there is no genuine issue of material fact and that, as a matter of law, Plaintiff is unable to establish a *prima facie* case of disability discrimination under the ADA because she cannot establish that she was a “qualified individual” within the meaning of the Act.

Defendant further argues that Plaintiff cannot establish a *prima facie* case because the undisputed evidence shows that Defendant afforded Plaintiff reasonable accommodation for her disability. The ADA provides that an employer may discriminate against a qualified individual on the basis of disability by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). However, the disabled individual bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable. *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1183 (6th Cir. 1996).

Here, neither Plaintiff nor Plaintiff's physician has suggested an accommodation that would have allowed Plaintiff to perform the essential functions of her job as a teacher. Accordingly, Plaintiff is unable to show that she was denied a reasonable accommodation by the Defendant.

In addition, the undersigned Magistrate Judge finds that Defendant did provide reasonable accommodations to assist Plaintiff in dealing with her medical condition. Specifically, the evidence shows that on September 23, 2010, while teaching at Trinity Elementary, Plaintiff took leave pursuant to the FMLA. Although Plaintiff was unable because of her medical condition to return to work as a teacher during the 2010-11 school year, Defendant placed Plaintiff on uncompensated leave following the exhaustion of her

FMLA leave on January 6, 2011. Despite Plaintiff's inability to work for almost all of the 2010-11 school year, Defendant renewed Plaintiff's teaching contract on May 10, 20111. After Dr. Caruso in July 2011 released Plaintiff to return to work with restrictions, Defendant accommodated those restrictions by transferring Plaintiff to a school located within a five-mile radius of her home. Despite this accommodation, Plaintiff left work in late August 2011 and was unable thereafter to return to work as a teacher. Only after Dr. Caruso, Plaintiff's treating physician, expressed his opinion that "she will be unable to return to teaching in the future" did Defendant terminate Plaintiff's employment.

From the foregoing undisputed evidence, the undersigned Magistrate Judge finds that no reasonable jury could conclude that Defendant had failed to afford Plaintiff reasonable accommodation for her disabling condition. For this additional reason, the undersigned finds that Plaintiff has not stated a *prima facie* case of disability discrimination under the ADA.

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant is entitled to judgment as a matter of law.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant's motion for summary judgment be GRANTED and the complaint dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 20th day of August, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge